Elliott-WL v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-91-061-CR

     WALTER LAMOND ELLIOTT,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 40th District Court
Ellis County, Texas
Trial Court # 18,011
                                                                                                    

O P I N I O N
                                                                                                    

      A jury convicted Walter Elliott of arson and assessed his punishment at forty years in prison. 
We affirm. 
      Elliott claims in point one that the court erred in denying his motion for an instructed verdict. 
To preserve a complaint for appellate review, a party must have presented the court with a timely
request, objection or motion, stating the specific grounds for the ruling he desired the court to
make. Tex. R. App. P. 52(a). The complaining party must also obtain a ruling. Id. 
      The statement of facts reveals that after the State rested its case Elliott moved for an instructed
verdict. The record does not reflect, however, that the court ever ruled on the motion. Because
Elliott failed to obtain an adverse ruling, he waived any complaint relating to the motion. See id. 
Point one is overruled.
      Elliott's second point is that the evidence is insufficient to support his conviction. In
reviewing the sufficiency of evidence, the appellate court must determine whether, after viewing
the evidence in the light most favorable to the prosecution, any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt. Butler v. State, 769 S.W.2d
234, 239 (Tex. Crim. App. 1989).
      Based on this standard, the facts established at trial clearly support the conviction. An
eyewitness, Shirley Collins, testified that she saw Elliott strike two matches, set fire to her sister's
house, and run from the scene. Collins said the time was 6:30 a.m., the sun was up and it was
light outside. Collins had known Elliott for many years and immediately recognized him. She
was also able to identify the type and color of clothing he was wearing.     Elliott claims on
appeal, as he did in the trial court, that Collins' identification was faulty because it was made in
the predawn darkness. He alleges that the 1990-1991 edition of the Texas Almanac indicates that
the sun arose at 6:46 a.m. that morning. He also introduced into evidence his time card from
Jameson Manufacturing Company, located in Italy, Texas, which showed that he arrived for work
on the morning of the offense at 6:49 a.m. This was verified by his supervisor. The distance
between Bardwell, where the fire occurred, and Italy is approximately fourteen miles. Elliott
asserts that he could not have set the fire at 6:30 a.m. and then driven to work and punched in only
nineteen minutes later.
      The jury was the sole judge of the witnesses' credibility and the weight to be given their
testimony. Accordingly, the jury had to determine whether Collins actually saw what she said she
saw, whether the distance and lighting conditions adversely affected her ability to accurately
identify the culprit, and whether her identification of Elliott was thus accurate or inaccurate. 
Moreover, the jury had the sole responsibility of determining whether Elliott could have set the
fire, fled the scene, driven fourteen miles, and then reported to work by the time indicated on his
time card. In any event, the jury was not required to believe that Elliott's time card was accurate
or that his supervisor's verification of the time he arrived at work was accurate. Viewing the
evidence in the light most favorable to the verdict, which included the testimony of an eyewitness,
a rational trier of fact could have found beyond a reasonable doubt that Elliott committed the
arson. See id. at 239. Point two is overruled.
      Elliott contends in point three that the court erred in failing to take judicial notice of the time
of sunrise on the morning the offense occurred. A court can take judicial notice of a fact as long
as it is not subject to reasonable dispute because it is either (1) generally known within the
territorial jurisdiction of the trial court or (2) capable of accurate and ready determination from
sources whose accuracy cannot be reasonably questioned. Tex. R. Crim. Evid. 201(b). A court
must take judicial notice if requested by a party and supplied with the "necessary information." 
Id. at 201(d). 
      After Collins testified that the offense occurred at 6:30 a.m., when the sun was already up,
Elliott asked the court to take judicial notice that on the morning of the offense sunrise actually
occurred at 6:46 a.m. Apparently, he provided the court with the 1990-1991 Texas Almanac,
which allegedly contained or cited astronomical tables for calculating sunrise on the date of the
offense. The court announced to the jury, however, that it would not take judicial notice of the
time of sunrise, but would instead provide jurors with a copy of the tables so that they could make
their own calculations.
      The "necessary information"—i.e., the almanac, astronomical tables, and the methodology
for calculating sunrise—does not appear in the appellate record. Accordingly, we cannot
determine whether the court abused its discretion when it refused to take judicial notice of a fact
based on non-existent "necessary information." Elliott has failed to provide a record on appeal
sufficient to show error or harm. See Tex. R. App. P. 50(d). Point three is overruled and the
judgment is affirmed. 
 
                                                                                    BOB L. THOMAS
                                                                                     Chief Justice


Before Chief Justice Thomas,
            Justice Cummings, and
            Justice Vance
Affirmed
Opinion delivered and filed June 24, 1992
Do not publish
(WITHDRAWN 7-1-92)